# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:03-CR-00054-002 |
| | § | |
| CHRISTOPHER JAMES JOHNSON | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 27, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Christopher James Johnson. The government was represented by Allen Hust, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender, Wayne Dickey.

Defendant originally pleaded guilty to 2 counts of Possession with Intent to Distribute and Distribution of Cocaine Base. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 27 and a criminal history category of IV, was 100 to 125 months. On March 23, 2004, District Court Judge Leonard Davis sentenced Defendant to 110 months imprisonment on each count, to be served concurrently, followed by a five-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug treatment and testing. Subsequently, on April 28, 2008, the Court granted a motion for sentence reduction pursuant to 18 U.S.C. 3582(c)(2) and Defendant's previously imposed sentence was reduced to 84 months, with all other provisions of the judgment in effect. On November 25, 2009, Christopher James Johnson completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to provide the probation

officer with access to financial information demonstrating his ability to obtain and maintain lawful employment and to participate in a program of testing and treatment for drug abuse. Defendant also was prohibited from possessing a controlled substance.

In its petition, the government alleges that Defendant violated his condition of supervised release by submitting urine specimens which were positive for marijuana on January 28 and March 17, 2010, a Grade C violation.[1] The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense. The government further alleges that Defendant violated his conditions of supervised release by failing to provide a truthful and complete written report for the months of March, April and May 2010; by failure to maintain a lawful occupation from December 2009 through May 2010; and by failure to provide a random urine specimen on January 11, 13, 14, 26, 27, 30; February 3, 16, 18, 23; March 17 and April 2010; all Grade C violations.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 3 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.3(a)(2) of the Sentencing Guidelines, violating a condition of supervision by committing a Grade C violation allows the Court to (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by

---

[1] Such an offense would also be in violation of Texas Health and Safety Code § 481.121.

committing the acts as alleged in the government's petition. The parties agreed on the appropriate sentence of 9 months with no additional supervised release. However, Defendant has been incarcerated since June 21, 2010, thus the parties agreed that Defendant should be granted time-served and his term of imprisonment will officially be recognized as to have started on that date.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Christopher James Johnson, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months, with credit for time served since June 21, 2010, with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas.

The parties have waived their right to object to the finding of the Magistrate Judge in this matter so this Report and Recommendation will be presented to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 7th day of September, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE